<div style="text-align:right">
New-Haven,<br>
June, 1815.<br>
Bull<br>
v.<br>
Pratt.
</div>

WHITE *against* WILCOX:

### IN ERROR.

THIS was an action on the case at common law against *Wilcox*, as constable of the town of *Chatham*, for neglect of official duty in executing and returning an execution issued on a judgment of the superior court in the plaintiff's favour. The writ was dated and served the 16th day of *September* 1813, and returned to the *Middlesex* county court on the fourth *Tuesday*, being the 28th day, of the same month.

The defendant pleaded in abatement, that the writ was issued and served only 12 days before the first day of the term. The court decided that this plea was insufficient, and gave judgment *respondeat ouster.*

After final judgment for the plaintiff in the county court, the defendant brought a writ of error in the superior court, assigning as ground of error, first, that the declaration was insufficient, and secondly, that the plea in abatement was sufficient. The superior court reversed the judgment of the county court. The present writ of error was then brought, assigning the general error.

*C. Whittelsey*, for the plaintiff in error, contended, 1. That an action at common law lies against an officer for neglect of duty in levying and returning an execution. He cited *Huntington* v. *Lathrop*, 1 *Root* 90. and referred to the constant practice throughout the state.

2. That this being an action at common law brought to the county court, relating to an execution issued by the superior court, the defendant was not entitled to more than twelve days notice. By the 14th section of the statute under

<div style="float:right">
An action lies at common law against a sheriff or constable for neglect of duty in executing and returning an execution. And in such case, it is not necessary that the writ should be served more than twelve days before the sitting of the court to which it is returnable.
</div>

*New-Haven,*
June, 1815.

White
*v.*
Wilcox.

the title of " *Sheriffs*,"(*a*) the process there spoken of must be served fourteen days before the court to which it is returnable ; but that process is a very different thing from the ordinary process in an action at common law. The 13th section provides for the punishment of delinquent officers, by a fine to the public, and damages to the party aggrieved. The mode of proceeding is by complaint to the court to which the writ or execution was returnable. The whole proceeding is created and governed exclusively by the statute ; and to such proceeding alone are the provisions of the 14th section applicable. For the service of writs in actions at common law another statute(*b*) has made adequate provision ; and by that statute, the service in this case was good. The words " which process" in the 14th section, so manifestly refer to the proceeding pointed out in the 13th, and to that only, that there is no room left for construction.

If there have been any cases of actions at common law in which it has been decided on the circuits, that fourteen days notice was necessary, they were cases where the execution issued from the same court to which the action was brought.

*Clarke,* for the defendant in error, was about to contend, 1. That the declaration was insufficient ; but it being intimated from the bench that actions of this sort had been too often sustained to admit of any doubt on the subject, he proceeded to the principal point, insisting

2. That the defendant in this case was entitled to fourteen days notice. The statute which requires process against officers for neglect of duty with regard to writs and executions to be served fourteen days before the sitting of the court, is a *remedial* statute, and as such is to be construed. The evil under the former law was, that the officer after he was sued had not time to sue the receipt-man before the same court ; and the object of the provision in question was to give the officer such an opportunity. Now, in order to advance the remedy, and prevent its being a dead letter, it ought to apply to actions at common law. And such has been the uniform construction given by the superior court. 2 *Swift's Syst.* 189. 2 *Back. Sh.* 220. *Howe* v. *Goodale, Hartford* county, *November* term, 1808. In an action for an escape, which was as much an action at common law as

(*a*) *Tit.* 146. *c.* 1.          (*b*) *Tit.* 6. *c.* 1. *s.* 2.

this is, the court held that the case was within the 15th section of this statute. *Benedict* v. *Hoit,* 1 *Root* 153.

Whether the court from which the execution issued was the same court as that to which the action is brought, or a different one, is wholly immaterial. The construction of the statute must be the same in both cases.

SWIFT, Ch. J. The statute requiring the service of a writ upon a sheriff or constable fourteen days before the sitting of the court to which it is returnable, is confined to actions brought on that statute, and does not extend to suits at common law.

It has been the practice in some parts of the state to give fourteen days notice in suits brought at the common law; and there have been decisions in the superior sanctioning such construction of the statute.(*a*) But this is an erroneous construction, which, as the question now comes before this Court for the first time, it is our duty to correct.

In this opinion the other Judges severally concurred.

Judgment reversed.

(*a*) This practice and construction may be satisfactorily accounted for, by examining the history of the statute. At the revision in 1750, all the public acts then in force relating to the duty of sheriffs and constables were collected and embodied in one act. The 14th section was taken from part of an act passed in *May* 1744, which was as follows : " *Be it enacted,* &c. that when any action or complaint is brought against any sheriff or constable, for neglect in his service of any writ of execution, or a false or undue return thereon, the writ or complaint brought against such officer, shall be served at least fourteen days before the sitting of the court wherein it is to be tried." *Colony Records,* vol. 7. p. 245. While this act remained in its original form, there could not be a doubt whether its provisions extended to actions at common law as well as to complaints upon the statute. And it did in fact thus remain long enough to establish a practice under it, and to acquire a settled construction. Whether the committee of revision in digesting the materials of the present statute, or the legislature in giving it their sanction, intended to vary the act of 1744 in substance, or only to adapt its phraseology to its new connexions, must, at this day, rest upon conjecture. But if we suppose what is not improbable, that the latter is true, it is easy to account for the continuance of a practice and a course of decisions, which had been previously begun. Still, however, the statute must be read as it now stands. Looking only at its present language, the construction of the text is so obviously just, that the existence of a different one seemed to require some explanation from historical facts. *R.*